FILED
SUPERIOR COURT
OF GUAM

2019 JAN 14 PM 2: 22

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DYLAN K. LEE, | **DOMESTIC CASE NO.: DM0287-18** |
| PLAINTIFF, | |
| vs. | **DECISION AND ORDER** |
| ANDREA SABINO, | (Defendant's Motion to Set Aside Entry of Default and to Expand Time) |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Andrea Sabino's ("Defendant") Motion to Set Aside Entry of Default and to Expand Time. Attorney Gary W.F. Gumataotao appeared on behalf of the Defendant. Attorney Daniel S. Somerfleck appeared on behalf of the Plaintiff Dylan K. Lee ("Plaintiff"). Upon review of the written and oral arguments, and legal authorities, presented by the Parties, the Defendant's Motion to Set Aside the Entry of Default and to Expand Time is hereby **GRANTED**. The Request to Enter Default and Entry of Default, entered on the docket in this matter by the Clerk of Court on June 29, 2018, is hereby **VACATED**. The Judgment of Custody by Default entered on August 10, 2018 is also hereby **VACATED**. The Defendant is granted leave to file and serve pleadings responsive to the Complaint within twenty-one (21) days from the filing of this Decision and Order.

## BACKGROUND

The Complaint for Child Custody and Support was filed on May 10, 2018. The Parties were previously engaged in an intimate relationship. Compl. ¶ III. One child was born to the Parties named T.M.F.L (DOB: 02/07/2016). Id. The child has lived on Guam since his birth. Id. at ¶ IV. In the Complaint, the Plaintiff sought sole legal and physical custody of the Parties' minor child. Id. at ¶ VI. The Complaint also seeks support for the child. Id. at ¶ VII.

On June 29, 2018, the Plaintiff requested that the Clerk of Court enter default for the Defendant's failure to appear. Req. for Entry of Default and Entry of Default (Jun. 29, 2018). The Clerk of Court entered Default on the same day. The Defendant appeared for the first time on June 27, 2018 and was informed of the proceedings and that a Default had been entered. The Court warned the Defendant that if no counsel filed entered an appearance on her behalf within thirty (30) days, then the Court would move forward with Default Judgment. No entry of appearance was entered within the thirty-day time period.

The Court entered a Judgment of Custody by Default on August 10, 2018. The Judgment awarded the Plaintiff the sole legal and physical custody he sought in the Complaint. J. Custody By Default 2 (Aug. 10, 2018). The Judgment also called for child support pursuant to the Guam Child Support Guidelines. Id.

The Defendant filed an Answer and Counterclaim on September 28, 2018. The Defendant raises several defenses, including *inter alia* that the best interest of the child favors full custody to the Defendant. Answer and Counterclaim 2 (Sept. 28, 2018). The Answer and Counterclaim also alleges that the Defendant is fit to have custody in the best interest in of the minor. Id. at 3.

On October 1, 2018, the Defendant filed the instant Motion to Set Aside Entry of Default and to Expand Time. The Plaintiff filed an Opposition on October 29, 2018. The Court held a hearing and took the matter under advisement on November 15, 2018.

## DISCUSSION

Rule 55(c) of the Guam Rules of Civil Procedure provides "[f]or good cause shown, the court may set aside an entry of default . . . ." Guam R. Civ. P. 55(c) (2014). The Supreme Court of

Guam has held the same grounds are used to determine whether good cause exists to set aside an entry of default or a default judgment. See Adams v. Duenas, 1998 Guam 15 ¶ 5. However, However, "default judgments are generally disfavored and deciding a case on its merits is encouraged whenever possible." Id.

The Supreme Court adopted the Ninth Circuit Court of Appeals test for whether to set aside default judgments ubnder Rule 60(b). See Midsea Industrial, Inc. v. HK Engineering, Ltd., 1998 Guam 14 ¶ 5 (citing Falk v. Allen, 739 F.2d 461 (9th Cir. 1984)); see also, Adams, 1998 Guam 15 at ¶ 5. Courts should set aside a default judgment if "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." Adams, 1998 Guam 15 at ¶ 5 (*emphasis added*). The three elements are applied "disjunctively rather than as a balancing test." Duenas v. Brady, 2008 Guam 27 ¶ 28. This means that if one of the three elements is present, then a denial of a motion to set aside is appropriate. See Midsea Indus., 1998 Guam 14 at ¶ 6 (citing Cassidy v. Tenorio, 856 F.2d 1412, 1415-16 (9th Cir. 1988)). Therefore, the Court will discuss each element separately below.

i. **Whether the Defendant's culpable conduct led to the entry of default.**

Applying the culpable conduct element to a party's failure to answer a complaint, the Ninth Circuit has found a defendant's conduct is culpable in leading to the entry of default when the defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Productions Inc. v. Albright, 862 F.2d 1388, 1391-92 (9th Cir. 1988). A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by* Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). Where a failure to

answer is present, the "Ninth Circuit has only found culpability based simply on the failure to answer after being provided with notice in some limited circumstances in which the moving party was a *legally sophisticated entity or individual, and has specifically cautioned against such a finding when the individual was not a lawyer and was unrepresented at the time of the default.*" Pacific Renewable Energy Solutions, Inc. v. Sedna Aire *[sic]* Americas, LLC, No. CIVIL CASE 11-00019, 2013 WL 1352063, at *4 (D. Guam Apr. 2, 2013) (citing U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1093 (9th Cir. 2010)).

Here, the Defendant was not represented at the time that either the Default and the Judgment of Custody by Default were entered. Thus, the Defendant is not a legally sophisticated individual and was not represented by Counsel. Notwithstanding the Court's admonishment that the Defendant should retain counsel or face default, the Court is not certain the Defendant understood the import, magnitude, and consequences of the Default Judgment. This matter is for custody and related support of the Parties' minor child. The Court does is unwilling to hold the Defendant culpable in losing custody to her child based solely on procedure. Thus, the Court finds the culpable conduct factor does not bar setting aside the Default Judgment.

ii. **Whether the Defendant has no meritorious defense.**

The Ninth Circuit has held, in order to "demonstrate the existence of a meritorious defense, a party must offer up more than mere conclusory assertions but must present specific facts that would constitute a defense if the litigation was permitted to proceed." TCI Group, 244 F.3d at 700 (internal citations omitted). The court "must determine whether there is some possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default." Midsea Indus., 1998 Guam 14 ¶ 10. While the burden is on the party seeking to vacate the default, the burden "is not extraordinarily heavy; the only requirement is that a sufficient defense is assertible [sic] and litigation of the claims would not be a wholly empty exercise." Id. Put another way, "all that is necessary is to allege sufficient facts that if true, would constitute a defense; the question of whether the factual allegation is true is not to be determined by the court when it decides the motion to set

aside the default. Rather, that question would be the subject of later litigation. <u>Pacific Renewable Solutions</u>, WL 1352063 at *4-5; <u>see also</u>, <u>Schwab v. Bullocks, Inc.</u>, 508 F.2d 353, 374 (9th Cir. 1974) (reasoning the success of the defense is not the standard and rather, "[d]efendants' allegations are meritorious if they contain even a hint of a suggestion, which, if proven at trial, would constitute a defense").

Here, the Complaint is for custody of a minor child between two parents. In Guam, Courts considering awarding custody of a minor consider the best interest of the child. <u>See</u> 19 G.C.A. § 8404 (2017); <u>see also</u>, <u>Flores v. Cruz</u>, 1998 Guam 30. Further, the Supreme Court has held that while the best interest of the child controls, Guam does have a preference for joint physical and legal custody. <u>Howerton v. Howerton</u>, 2004 Guam 8 ¶ 14. In determining a custody arrangement in the best interest of the child, courts look to the statutory list of factors at 19 G.C.A. 8404(h) and other factors established in case law. <u>See e.g.</u>, <u>Howerton</u>, 2004 Guam 8 ¶¶ 24-26. The various factors courts consider to determine the best interest of the child look at the fitness of the parties seeking custody, the ability to meet the child's emotional, physical, and other needs, and other relevant considerations.

These principles of law demonstrate to the Court that in determining custody, because the best interest factors are highly fact dependent, adjudication on the merits is more appropriate to determining custody than adjudication by default. This conclusion is buttressed by the preference in Guam law for joint custody and the preference for adjudication of claims on their merits.

Here, the Defendant asserts that she is a fit person entitled to custody of her minor child under Guam law. Importantly, there is no allegation in the Complaint or otherwise before the Court that challenges the Defendant's fitness as a parent. Instead, the Complaint alleges that the Parties split custody for some time prior to the Judgment of Custody by Default. Without an allegation of unfitness before the Court, the Court must find that Guam's strong presumption for joint legal and physical custody constitutes a meritorious defense under the <u>Midsea</u> test. If this matter progresses, based on the allegations before the Court thus far, the Court finds that a joint custody arrangement is likely in light of the state of Guam law. Thus, the Defendant's proposed Answer and Counterclaim

does raise a meritorious defense for purposes of the <u>Midsea</u> test. Therefore, the meritorious defense factor is no bar to setting aside the Default Judgment.

### iii. <u>Whether the Plaintiff would be prejudiced if the entry of default is set aside.</u>

Finally, as to whether setting aside the default prejudices the Plaintiff, the Court notes prejudice is determined when the defaulting party moves to set aside. <u>Midsea Indus.</u>, 1998 Guam 14 ¶ 14 (citing <u>Cribb v. Matlock Communications, Inc.</u>, 768 P.2d 337, 340 (Mont. 1989)). Further the Plaintiff cannot simply "say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations. <u>Midsea Indus.</u>, 1998 Guam 14 ¶ 16. Similarly, the Defendant may not just "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." <u>Id.</u> For a delay to be prejudicial, the delay must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion . . . [b]eing forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." <u>Pac. Renewable Energy Sols.</u>, 2013 WL 1352063 at *6 (citing <u>TCI Group</u>, 244 F.3d at 701) (internal quotations omitted). Prejudice also exists where the "non-defaulting party's ability to pursue the claim is hindered by substantial reliance on the judgment." <u>Falk</u>, 739 F.2d at 463.

Here, the Plaintiff offered no evidence or argument supporting how he would be prejudiced if the Default Judgment was set aside. The Defendant has engaged an attorney to set aside the Default, and even appeared after the Default was entered and before the Judgment of Custody by Default was entered. There has been no showing that the Plaintiff took any action in reliance on the Entry of Default that would be affected were the Default Judgement set aside. Therefore, the Court finds the prejudice to the Plaintiff element is no bar to this Court setting aside the Default Judgment.

### CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Defendant's Motion to Set Aside the Entry of Default and to Expand Time is hereby **GRANTED**. The Request to Enter Default and Entry of Default, entered on the docket in this matter by the Clerk of Court on June 29, 2018, is hereby **VACATED**. The Judgment of Custody by Default entered on August 10,

2018 is also hereby **VACATED**. The Defendant is granted leave to file and serve pleadings responsive to the Complaint within twenty-one days from the filing of this Decision and Order.

A **Status Hearing** is set for ___2/7/19___ at **9:00a.m.**

SO ORDERED ___1/14/19___.

_(signature)_

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_Guam Attorney_
_Counsel_

Date: _1/14/16_ Time: _2:30pm_

_(signature)_
Deputy Clerk, Superior Court of Guam